IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**LESLIE V. PEMBERTON, a/k/a Leslie Vaughn** )<br>**Pemberton, Sr. a/k/a Leslie Pemberton,** )<br>**individually and as Trustee for Amber Sabrina** )<br>**Pemberton; and SYLVESTER JOHN, as duly** )<br>**appointed guardian for Amber Sabrina** )<br>**Pemberton a/k/a Amber S. Pemberton,** )<br>)<br>Defendants. )<br>_____) | **CIV. NO. 1:09-cv-00029**<br><br>ACTION FOR DEBT &<br>FORECLOSURE OF REAL<br>PROPERTY MORTGAGE |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

### I. Introduction

THIS MATTER comes before the Court on Plaintiff's Motions for Default Judgment and Attorney's Fees and Costs. On June 4, 2009, Plaintiff Flagstar Bank filed a two count complaint alleging causes of action for debt and foreclosure against Defendants Sylvester John and Leslie Pemberton for failing to make payments on a promissory note and mortgage agreement. Defendants have not answered the complaint or otherwise appeared in this action. Plaintiff now seeks default judgment as well as attorney's fees and costs.

### II. Discussion

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage*

*Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990). To obtain a default judgment, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 App. U.S.C. § 521(b)(1) (the "Servicemembers Civil Relief Act"). The entry of a default judgment is largely a matter of judicial discretion, although the United States Court of Appeals for the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Plaintiff has indicated that Defendant Sylvester John is on active duty in the United States Armed Forces. Because one of the Defendants is on active duty in the military, the Court must consider whether any of the provisions of the Servicemembers Civil Relief Act ("SCRA") apply to Plaintiff's motion for default judgment. The SCRA provides "for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502 (2003). The provisions of the SCRA are to be "liberally construed" and applied in a broad spirit of gratitude towards service personnel. *Engstrom v. First National Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

Section 521 of the SCRA is entitled "Protection of servicemembers against default judgments" and, in cases where the defendant has not made an appearance, requires that the Court grant a stay of proceedings if it determines that "there may be a defense to the action and a defense cannot be presented without the presence of the defendant." 50 App. U.S.C. § 521(d). The record indicates that Defendant John was served with the complaint and summons on July 23, 2009, giving him until August 13, 2009 to answer or otherwise respond to the complaint.

See Fed. R. Civ. Proc. 12(a)(1)(A)(i) ("A Defendant must serve an answer within 21 days after being served with summons and complaint."). However, the record shows that John was on active duty status as of August 9, 2009 and that on August 10 he informed Plaintiff's counsel that he was "being deployed to Kosovo with the 661st Military Police company." (See Exhibit A, attached to Declaration of Counsel in Support of Motion for Costs and Attorney's Fees.) In accordance with the spirit of gratitude and liberal application of the SCRA that the Court is required to give, the Court assumes that Defendant John's deployment to Kosovo prevented him from answering the complaint or taking other action to respond. *See Johnson v. City of Philadelphia,* 2007 WL 3342413, at *2 (E.D.Pa. 2007) ("in evaluating whether to grant a stay, a defendant's '[a]bsence when [his] rights or liabilities are being adjudged is usually prima facie prejudicial.'") (citing *Boone v. Lightner*, 319 U.S. 561, 575 (1943)); *see also Price v. McBeath*, 989 So. 2d 444, 459-60 (Miss.App. 2008) (concurring opinion) (noting that defendant's ability to defend herself in child custody case was likely materially and detrimentally affected by required presence at military basic training). As such, the Court is hesitant to find that John has failed to timely respond to the complaint as required by Rule 55 of the Federal Rules of Civil Procedure. *See Bank of Nova Scotia v. James*, 2009 WL 902101, at *1 (D.V.I. 2009) (default judgment under Rule 55 available only when properly served defendant fails to file a timely responsive pleading.) The Court finds that Defendant John's deployment to Kosovo may have impeded his ability to answer the complaint and that this could be a defense to the default sought by Plaintiff. See *Price,* 989 So. 2d at 451 (considering question of whether notice was actually given because evidence suggested that defendant was on active duty at time of service of process). Accordingly, the Court finds that a stay under section 521(d) is warranted under the circumstances.

While the action against Sylvester John may be stayed, the same is not true of Leslie Pemberton. Defendant Pemberton is the only borrower listed on the promissory note. (*See* Promissory Note, attached as Exhibit A to Plaintiff's Motion for Default Judgment.) While both Pemberton and John are listed as borrowers on the mortgage agreement, it specifies that only the signer of the note (Pemberton) is obligated to make payments under the note. (*See* Mortgage Agreement ¶ 13, attached as Exhibit B to Plaintiff's Motion for Default Judgment.) Accordingly, default judgment may be entered against Defendant Pemberton on Plaintiff's debt cause of action.[1] The Court finds that Defendant Pemberton was duly served with summons and the complaint and has failed to answer or otherwise defend as required by law. The Court further finds that Plaintiff's requests for costs and attorney's fees are reasonable.

The Court may not, however, grant default judgment to Plaintiff under its foreclosure cause of action. Section 533 of the SCRA regulates the foreclosure of servicemember's real property and authorizes a stay of proceedings of a foreclosure against real property owned by a servicemember "when the servicemember's ability to comply with the obligation is materially affected by military service." 50 App. U.S.C. § 533. Defendant has alleged that both Pemberton and John are in default of the mortgage for failing to make payments due under the mortgage agreement. (See Complaint ¶ 28.) The Court finds that John's ability to comply with his obligation under the mortgage agreement and his ability to defend against foreclosure in this action may have been affected by his military service and that foreclosure by Plaintiff of the real

---

[1] Section 513 of the SCRA provides that when a court stays the enforcement of an obligation or the entry of judgment to one defendant under the SCRA, it may also grant a similar stay to a "surety, guarantor, endorser, accommodation maker, comaker, or other person who is or may be primarily or secondarily subject to the obligation or liability the performance or enforcement of which is stayed, postponed, or suspended." 50 App. U.S.C. § 513. Because John is not primarily or secondarily liable on the promissory note, this section does not apply to the promissory note cause of action against Pemberton.

property at issue – Plot. No. 43-D of Estate White Lady, St. Croix – would run afoul of section 533. Accordingly, the Court DENIES Plaintiff's motion for default judgment as to the foreclosure cause of action against Defendants and stays all proceedings regarding foreclosure until (30) days after Defendant John is no longer on active duty.[2]

### III. Conclusion

Upon consideration of the Motion for Default Judgment, Motion for Costs and Fees and the exhibits attached thereto, and the Court having been advised in all the premises, it is hereby

**ORDERED** that all proceedings as to Defendant Sylvester John are STAYED until thirty (30) days after he returns from active service or by further order of the Court.

**ORDERED** that judgment is entered in favor of Plaintiff on its debt cause of action against Defendant Leslie Pemberton for the principal sum of $207,819.24; plus interest in the amount of $39.14 per diem from December 1, 2008, until the date of entry of this Judgment for a total of $18,160.95; plus Late Charges in the amount of $1,496.67; plus Inspection Fees in the amount of $16 for a total indebtedness of $227,492.87,[3] plus interest at the statutory rate of four

---

[2] Because the Court stays the foreclosure action against John under section 521(d), a stay of the foreclosure action against Pemberton is also appropriate under section 513 as both Defendants are signatories to the mortgage agreement.

[3] In its motion, Plaintiff requested "Escrow Overdraft" in the amount of $1,843.33 and "Overdrawn Unapplied Funds" in the amount of $1,223.67. Because these fees were not included in the complaint, they cannot be part of the default judgment award. Fed. R. Civ. Proc. 54(c); *Pacific Westeel, Inc. v. D & R Installation*, 2003 WL 22359512, *2 (S.D.N.Y. 2003) (holding that "a default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded."). In addition, Plaintiff has provided no evidence as to the source of these fees. See *Malik v. Hannah*, 661 F.Supp.2d 485, 490 (D.N.J. 2009) (noting that while on motion for default judgment, court accepts factual allegations as true, "Plaintiff must still offer some proof of damages.").

percent (4.000%) per annum from the date entry of this Judgment until this judgment is satisfied, plus compensable costs in the amount of $364.92 and compensable attorney's fees in the amount of $4,640.03.

**ORDERED** that Plaintiff's motion for default judgment on its foreclosure cause of action is DENIED as to all Defendants.

**ORDERED** that no foreclosure, sale, or seizure of Plot. No. 43-D of Estate White Lady, St. Croix may commence until thirty (30) days after Sylvester John returns from active service or by further order of the Court.

             **ENTERED this 11th day of March, 2010**.


             _____/s/_____
             HONORABLE RAYMOND L. FINCH
             SENIOR U.S. DISTRICT JUDGE