# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) | |
| ) | |
| Plaintiff, ) | CIV. NO. 1:09-cv-00029 |
| v. ) | |
| ) | ACTION FOR DEBT & |
| LESLIE V. PEMBERTON a/k/a Leslie Vaughn ) | FORECLOSURE OF REAL |
| Pemberton, Sr. a/k/a Leslie Pemberton, ) | PROPERTY MORTGAGE |
| individually and as Trustee for Amber Sabrina ) | |
| Pemberton; and SYLVESTER JOHN, as duly ) | |
| appointed guardian for Amber Sabrina ) | |
| Pemberton a/k/a Amber S. Pemberton, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED MARCH 11, 2010

Finch, Senior Judge

### I. Introduction

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration of this Court's March 11, 2010 Order. Plaintiff's Motion raises two issues. First, Plaintiff contends that the Court erroneously denied its request for an award of "Escrow Overdraft" fees in the amount of $1,843.33 and "Overdrawn Unapplied Funds" in the amount of $1,223.67. Second, Plaintiff claims that the Court committed clear error by staying foreclosure proceedings against Defendant Sylvester John under the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq*. ("SCRA"). After considering Plaintiff's motion, the Court will amend its March 11, 2010 Order to include the "Escrow Overdraft" fees, but will not include the "Overdrawn Unapplied Funds"

which, as it turns out, are really additional attorney's fees. The Court also finds that it properly granted a stay under the SCRA.

## II. Facts

On June 4, 2009, Plaintiff Flagstar Bank filed a two count complaint alleging causes of action for debt and foreclosure against Defendants Sylvester John and Leslie Pemberton. On March 11, 2010, on Plaintiff's motion, this Court entered an order of default judgment as to Plaintiff's debt cause of action against Defendant Pemberton, but declined to award two fees sought by Plaintiff – an "Escrow Overdraft" fee in the amount of $1,843.33 and "Overdrawn Unapplied Funds" in the amount of $1,223.67 – because "Plaintiff provided no evidence as to the source of these fees." (March 11, 2010 Order at 5, Doc. 22.)[1] The Court declined to grant default judgment on Plaintiff's claims against Defendant John and stayed the action against him under the SCRA because he is an active member of the United States Armed Forces, currently stationed in Kosovo. On March 25, 2010, Plaintiff filed this Motion for Reconsideration.

## III. Discussion

Local Rule of Civil Procedure 7.3 authorizes a party to a file a motion for reconsideration based on the "need to correct clear error or prevent manifest unjustice." A motion for reconsideration must be filed "within ten (10) days after" entry of the order "unless the time is extended by the Court . . . for good cause shown." LRCi 7.3. Plaintiff's motion for reconsideration was therefore due on March 22, 2010. Fed. R. Civ. Proc. 6(a); LRCi. 7.3. Although Plaintiff's Motion for Reconsideration was filed three days late, good cause exits to

---

[1] Unless otherwise noted, all docket references are to Case No. 1:09-cv-00029.

consider it in that it is Plaintiff's first opportunity to fully brief the impact of SCRA on its Motion for Default Judgment.

### a. Plaintiff's Fee Requests

Plaintiff claims that the Court should have included two additional fees – "Escrow Overdraft" in the amount of $1,843.33 and "Overdrawn Unapplied Funds" in the amount of $1,223.67 – in the default judgment award against Defendant Pemberton. Plaintiff asked for these and others fees in its Motion for Default Judgment and included a ten page "Loan History" in support of its claims. However, because Plaintiff failed to indicate where evidence of these particular fees could be found in the "Loan History," the Court declined to award them.

Plaintiff has now partially cured this defect. In its Motion for Reconsideration, Plaintiff refers the Court to the specific location in the Loan History evidencing these fees. (*See* Loan History at 10, attached as Ex. 4 to Plt.'s Mot. for Reconsideration, Doc. 23-4.) The Court is satisfied that the "Escrow Overdraft" fee is a properly documented fee that is within the ambit of "other expenses incurred by Flagstar to enforce payment of the Note." (*See* Compl. ¶ 24, Doc. 1.) Accordingly, the Court amends its March 11, 2010 Order to include this "Escrow Overdraft" fee in the award on Plaintiff's debt cause of action against Leslie Pemberton.

Plaintiff's request for "Overdrawn Unapplied Funds," however, is a different story. As revealed in its Motion for Reconsideration, "Overdrawn Unapplied Funds" are really "attorneys' fees . . . Flagstar incurred . . . on October 8, 2009." (Plt.'s Mot. for Reconsideration at 7, 12, Doc. 23.) In its supporting papers accompanying its Motion for Default, Plaintiff did not inform

the Court that "Overdrawn Unapplied Funds" were attorney's fees. This is problematic.[2] It is unclear to the Court what tasks this $1,233.67 includes or whether they were included in Plaintiff's previously filed Motion for Costs and Attorney's Fees.

Local Rule of Civil Procedure 54.1 states the manner in which attorney's fees must be claimed and provides:

> Bill of Costs shall precisely set forth each item thereof, so that the nature of the charges can be readily understood, and shall be verified by the attorney for the application, stating that: (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action.

Even though this is Plaintiff's second shot at requesting the $1,233.67 in "Overdrawn Unapplied funds" (which are really attorneys' fees), it has complied with none of these requirements. *See Berne Corp. v. Gov't of the Virgin Islands*, 2009 U.S. Dist. LEXIS 58474, at *8 (D.V.I. 2009) (declining to award certain attorney's fees entries because they were "vague and do not indicate the purpose for which the attorneys engaged in the designated activity." (citing *Morcher v. Nash*, 32 F. Supp. 2d 239, 242 (D.V.I. 1998))).

---

[2] In its March 11, 2010 Order, the Court stated that Plaintiff had "provided no evidence as to the source of this fee[]." (March 11, 2010 Order at 5, n.5.) In response, Plaintiff claims that "it is simply incorrect to say that Flagstar provided no evidence of th[is] amount" (Plt.'s Mot. for Reconsideration at 12), but concedes "that the supporting documentation could have been clearer." (*Id*. at 16). This is a bit of an understatement. Buried on the last page of the ten page "Loan History" submitted by Plaintiff in support of its Motion for Default Judgment, lies a one line entry that states "FC ATTY FEES/COSTS -1,223.67." (Loan History at 10.) The entry is not labeled "Overdrawn Unapplied Funds" and Plaintiff did not highlight or otherwise direct the Court to this entry until its Motion for Reconsideration. The Court cautions Plaintiff that is not required to delve through Plaintiff's filings to locate evidence supporting Plaintiff's own claims nor divine that Plaintiff's request for "Overdrawn Unapplied Funds" was really one for improperly documented attorney's fees. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995) ("[A] district court is not required to . . . scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case."); *Dennis v. Lowe's Home Centers, Inc.*, 2010 WL 146458, at *1 (M.D. Pa. 2010) ("It is not the court's role to sift through these documents and unearth various pieces of possibly relevant evidence.").

Moreover, having already awarded over $5,000 in attorney's fees and costs to Plaintiff in this unopposed foreclosure matter, the Court finds that an additional $1,233.67 would not be reasonable. *See FirstBank P.R. v. Connor*, 2009 U.S. Dist. LEXIS 72720, at *4 (D.V.I. 2009) (awarding only $1,000 of $ $6,490.50 attorney's fee request because "this matter involved garden-variety debt and foreclosure claims and was disposed of at the default judgment stage."); *Banco Popular de P.R. v. Carew*, 2009 U.S. Dist. LEXIS 67045, at *4 (D.V.I. 2009) (awarding only $1,000 of $3,506.30 attorney's fee request for "run-of-the-mill debt and foreclosure claims [that] was disposed of at the default judgment stage, obviously without opposition from either of the Defendants."). Accordingly, Plaintiff's request for "Overdrawn Unapplied Funds" (attorney's fees) in the amount of $1,233.67 is denied.

### b. Plaintiff Has Not Shown that the Court Committed Clear Error In Ordering a Stay Under the SCRA

In its March 11, 2010 Order, the Court found that a stay of all proceedings against Defendant John was warranted under 50 App. U.S.C. § 521 because Defendant John's "deployment to Kosovo may have impeded his ability to answer the complaint and that this could be a defense to the default sought by Plaintiff." (March 11, 2010 Order at 3.)[3] The Court also found that a stay of the proceedings against Defendant John was appropriate under section 533 because Plaintiff sought foreclosure of a mortgage signed by him.

Plaintiff argues that the Court committed clear error in ordering a stay under section 521 because "a stay is appropriate only when the personal interests of the servicemember are

---

[3] The Court also found that a stay of the foreclosure proceedings against Defendant Pemberton was appropriate under section 513 of the SCRA. Plaintiff does not appear to challenge this holding in its Motion for Reconsideration.

5

implicated by the pending lawsuit." (Plt.'s Mot. for Reconsderation at 14.) Plaintiff maintains that Defendant John has no personal interest in this lawsuit because he "merely executed the mortgage documents on behalf of his ward, Amber Pemberton, and not on his own behalf." (*Id*. at 13.) Plaintiff concludes that "a stay of this matter is not supported by the facts of this case, guiding case law, or the terms of the SCRA." (*Id*. at 15.)

The Court begins with the text of section 521 of the SCRA, which is entitled "Protection of servicemembers against default judgments." 50 App. U.S.C. § 521. Subsection 521(a) is entitled "Applicability of section" and states that "this section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance." 50 App. U.S.C. § 521(a). Subsection 521(d)(1) outlines when a stay is appropriate and provides in pertinent part that:

> In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that--
>
> > (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant;

50 App. U.S.C. § 521(d)(1).

"Where, as here, Congress' language is 'plain and unambiguous,'[the court] simply appl[ies] the language of the statute as written." *United States v. Robinson*, 167 F.3d 824, 830-31 (3d Cir. 1999). The only "prejudice" required by section 521 is that "there may be a defense to the action" that "cannot be presented without the presence of the defendant." 50 App. U.S.C. § 521. There is no requirement that a defendant have any particular interest at stake other than having a defense that cannot be presented without his presence. As previously determined by the

6

Court, Defendant John may have a defense to this action (improper notice) which cannot be presented without his presence. This is all that section 521 requires.[4]

The cases cited by Plaintiff do not compel a different result. In *In re Lewis*, 257 B.R. 431 (Bankr. D. Md. 2001), the debtors (Artie and Elizabeth Lewis) filed for voluntary bankruptcy in January 1997. *Id*. at 433. One of their creditors, Allied Bank, filed a "complaint to determine the dischargeability of debts." *Id*. In July 1998, the debtors, who were represented by counsel, requested a stay under the SCRA "pending the completion of [Sgt. Lewis's] overseas active duty assignment." *Id*. The bankruptcy court granted the stay as to both Mr. and Mrs. Lewis and "requested periodic status reports in an effort to determine Mr. Lewis's military status and location." *Id*. On June 30, 1999, the bankruptcy court learned that Mr. Lewis had returned to the United States "since at least March, 1999" and lifted the stay because "since the debtor's return to this country, he has failed to place before this Court any evidence to demonstrate that his defense will be materially affected by his military service. Both Mr. and Mrs. Lewis failed to notify the Court immediately upon Mr. Lewis's relocation to Texas. In addition, no evidence was produced to establish that Mr. Lewis could not be present to defend the complaint within a reasonable time and with reasonable notice." *Id*. at 436. It was in this context that the bankruptcy court stated that "a stay is not automatic by reason of one's military personnel status, but must be justified by a sufficient showing of prejudice if the civil action is allowed to proceed." *Id*.

---

[4] This holding is consistent with the purpose of the SCRA which is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502(2). All defendants have a right to proper notice and the right to respond to a complaint. *See, e.g., Berne Corp. v. Government of The Virgin Islands,* 570 F.3d 130, 138 (3d Cir. 2009) ("[D]ue process requires ... notice and opportunity for hearing appropriate to the nature of the case." (quoting *Bell v. Burson*, 402 U.S. 535, 542 (1971))). Because a default judgment would impair his right to proper notice and his duty to defend his ward, a stay is well within the ambit of the SCRA.

Here, in sharp contrast to Mr. Lewis, Defendant John did not instigate this litigation, has no counsel representing him and has not even appeared in this case. Furthermore, as far as the Court is aware, Defendant John is still in Kosovo. None of the factors motivating the *Lewis* court's lifting of the stay are present here.[5] Notably, even though the *Lewis* court lifted the stay upon Mr. Lewis' return to the United States, it held that it "was correct in staying the instant proceeding while the debtor was on active military duty outside the United States, because his inability to be present at trial and to aid counsel in preparing a defense amounted to obvious and palpable prejudice." *In re Lewis*, 257 B.R. at 436. The Court finds this holding persuasive. As the Court previously noted, Defendant John's "deployment to Kosovo may have impeded his ability to answer the complaint and that this could be a defense to the default sought by Plaintiff." (March 11, 2010 Order at 3.) This potential defense applies regardless of whether Defendant John is personally liable on the mortgage and cannot be adjudicated in his absence. Accordingly, a stay under section 521 is appropriate.[6]

Plaintiff also reasserts its motion to appoint a guardian *ad litem* under section 521 of the SCRA. "The decision as to whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court." *Gardner by Gardner v. Parson*, 874 F.2d 131, 140 (3d Cir. 1989) (discussing appointment of a guardian *ad litem* under Federal Rule of Civil Procedure 17). The Court is only required to appoint an attorney *ad litem* under 521(b)(2) if the Court were

---

[5] Plaintiff's reliance on *Keefe v. Spangenberg,* 533 F.Supp. 49 (W.D. Okl. 1981), is similarly unavailing. In *Keefe*, the district court refused to grant defendant's motion for stay under the SCRA because it was made "only four days prior to the scheduled trial" and defendant provided "no satisfactory explanation for this dilatory conduct." *Id*. at 50. The Court nonetheless continued the trial for a month so that the defendant, who was stationed in the United States and represented by local counsel, could "arrange for a leave or furlough to attend the trial in person or to be deposed by video tape deposition or otherwise." *Id.* The factual differences between *Keefe* and this case are manifest and require no further comment.

[6] Because the Court finds that a stay under section 521 is appropriate, it does not reach Plaintiff's request for reconsideration of a stay under section 533.

8

inclined to grant default judgment against Defendant John. 50 App. U.S.C. 521(b)(2). The Court finds that, under the circumstances at this point in the litigation, a stay is more in line with the purpose and spirit of the SCRA and will adequately protect the interests of Amber Pennington. *Gardner by Gardner,* 874 F.2d at 140 (noting that "if a court declines to appoint a guardian, it must act in some other way to protect the child's interests in the litigation."). Accordingly, Plaintiff's motion for appointment of a guardian *ad litem* is denied without prejudice.

## IV.     Conclusion

Upon consideration of the Plaintiff's Motion for Reconsideration and the exhibits attached thereto, and the Court having been advised in all the premises, it is hereby

**ORDERED** that all proceedings as to Defendant Sylvester John are **STAYED** until thirty (30) days after he returns from active service or by further order of the Court;

**ORDERED** that judgment is entered in favor of Plaintiff on its debt cause of action against Defendant Leslie Pemberton for the principal sum of $207,819.24; plus interest in the amount of $39.14 per diem from December 1, 2008, until the date of entry of the original March 11, 2010 Judgment for a total of $18,160.95; plus Late Charges in the amount of $1,496.67; plus Inspection Fees in the amount of $16; plus "Escrow Overdraft" in the amount of $1,843.33 for a total indebtedness of $229,336.19, plus interest at the statutory rate of four percent (4.000%) per annum from the date of entry of the March 11, 2010 Judgment until the judgment is satisfied, plus compensable costs in the amount of $364.92 and compensable attorney's fees in the amount of $4,640.03;

**ORDERED** that Plaintiff's motion for default judgment on its foreclosure cause of action is **DENIED** as to all Defendants;

**ORDERED** that no foreclosure, sale, or seizure of Plot. No. 43-D of Estate White Lady, St. Croix may commence until thirty (30) days after Sylvester John returns from active service or by further order of the Court;

**ORDERED** that Plaintiff's Motion to Appoint Guardian Ad Litem Under the Servicemembers Civil Relief Act is **DENIED**.

**ENTERED this 30th day of June 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE